IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MATTHEW PAUL CALIMER, :
:
    Plaintiff :
:
    v. : CIVIL NO. 4:CV-14-178
:
FRANKLIN COUNTY JAIL, : (Judge Brann)
ET AL., :
:
    Defendants :

## MEMORANDUM

February 25, 2014

**Background**

    Matthew Paul Calimer (Plaintiff), an inmate presently confined at the Franklin County Prison, Chambersburg, Pennsylvania, initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983. Accompanying the Complaint is an in forma pauperis application.[1] Named as Defendants are the Franklin County Jail and two prison employees Warden Daniel Keen and Captain Sullen. See Doc. 1, ¶ III.

    According to the Complaint, Inmate Kyle Noll was assaulted in his cell at the Franklin County Prison on January 13, 2014. At the time of the attack, Calimer states that he was assisting Correctional Officer Rich in serving lunch trays. See id. at

---

1. Calimer completed this Court's form application to proceed in forma pauperis and authorization to have funds deducted from his prison account. The Court then issued an Administrative Order directing the Warden at his present place of confinement to commence deducting the full filing fee from Plaintiff's prison trust fund account.

¶ IV(1).  Later that same day, Calimer was allegedly questioned by a correctional officer regarding the attack on Inmate Noll.

The next day, Plaintiff contends that he was placed in administrative custody on locked down status where he remained for fifteen (15) days.  Shortly after his arrival in administrative custody, Plaintiff was purportedly informed by Noll that he was under investigation for the assault.  Calimer asserts that although Noll informed prison staff in writing that Plaintiff had been wrongly accused, he remained in administrative custody.  On the fifteenth day of his placement, Plaintiff was released from administrative custody by Captain Sullen who apologized and returned the inmate returned to general population.[2]  The Complaint seeks compensatory damages for that alleged fifteen (15) day period of unwarranted, segregated confinement.

## Discussion

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis under 28 U.S.C. § 1915, e.g., that the full filing fee ultimately must be paid (at least in a non-habeas suit)  § 1915(e)(2)provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

---

2.   The Complaint describes Captain Sullen as being the only official who could remove a prisoner from administrative custody.

When considering a complaint accompanied by a motion to proceed <u>in forma pauperis</u>, a district court may rule that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. <u>Neitzke v. Williams</u>, 490 U.S. 319, 327-28 (1989); <u>Wilson v. Rackmill</u>, 878 F.2d 772, 774 (3d Cir. 1989). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ." <u>Roman v. Jeffes</u>, 904 F.2d 192, 194 (3d Cir. 1990) (quoting <u>Sultenfuss v. Snow</u>, 894 F.2d 1277, 1278 (11th Cir. 1990)).

The United States Court of Appeals for the Third Circuit has added that "the plain meaning of 'frivolous' authorizes the dismissal of <u>in forma pauperis</u> claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." <u>Deutsch v. United States</u>, 67 F.3d 1080, 1083 (3d Cir. 1995). It also has been determined that "the frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. <u>Denton v. Hernandez</u>, 504 U.S. 25, 33 (1992).

**<u>Franklin County Prison</u>**

Courts have repeatedly recognized that a prison or correctional facility is not a person for purposes of civil rights liability. See <u>Fischer v. Cahill</u>, 474 F.2d 991, 992 (3d Cir. 1973); <u>Philogene v. Adams County Prison</u>, Civ. No. 97-0043, slip op. at p. 4 (M.D. Pa. Jan. 30, 1997) (Rambo, C.J.); <u>Sponsler v. Berks County Prison</u>, Civ. A. 95-1136, 1995 WL 92370, at *1 (E.D. Pa. Feb. 28, 1995).

3

Pursuant to the above standards, the Franklin County Prison is clearly not a person and therefore not subject to civil rights liability. See Thompkins v. Doe, No. 99-3941, slip op. at 3 (3d Cir. March 16, 2000).[3]

**Warden Keen**

As previously discussed, Warden Keen has been named as a Defendant. A review of the Complaint shows that the only apparent assertion made with respect to the Warden is that Plaintiff "attempted to speak to the jail's highest authority" regarding the suspicion that he had assaulted Inmate Noll and that the Warden did not respond to a written grievance which he submitted. (Id. at ¶ II C)

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Claims brought under § 1983 cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

---

3. There is no claim by Plaintiff that his constitutional rights were violated as the result of any policy, custom or practice of the Franklin County Prison. See Monell v. Department of Social Servs., 436 U.S. 658, 690-91 (1978).

4

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

A review of the complaint establishes that there are no allegations of constitutional misconduct directly asserted against Warden Keen. Rather, the Complaint generally alleges that Plaintiff was placed in administrative custody pending the outcome of an investigation and that Captain Sullen was the only prison official vested with the discretion to order his release from segregated confinement.

Based on the nature of his claims, it appears that Calimer may be attempting to establish liability against Warden Keen based upon his role as Sullen's supervisor. Under the standards announced in Rode, such an assertion is insufficient for purposes of establishing § 1983 liability against Warden Keen.[4]

Inmates also do not have a constitutional right to a prison grievance system. See Jones v. North Carolina Prisoners Labor Union, 433 U.S. 119, 137-138 (1977); Speight v. Sims, No. 08-2038, 2008 WL 2600723 at *1 (3d. Cir. Jun 30, 2008)(citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001)("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner."). Consequently, any attempt by Plaintiff to establish liability against Warden Keen based upon the substance or lack of response to his institutional grievances also does not by itself support a constitutional due process claim. See also Alexander v. Gennarini, 144 Fed.

---

4. There are also no allegations that Plaintiff's constitutional rights were violated as the result of any policy, practice or custom enacted or ratified by the Warden.

Appx. 924, 925 (3d Cir. 2005)(involvement in post-incident grievance process not a basis for § 1983 liability); Pryor-El v. Kelly, 892 F. Supp. 261, 275 (D. D.C. 1995) (because prison grievance procedure does not confer any substantive constitutional rights upon prison inmates, the prison officials' failure to comply with grievance procedure is not actionable).

Since the claims asserted against Warden Keen appear to be based upon either his supervisory capacity or his alleged lack of response to Plaintiff's institutional requests, the Defendant is entitled to entry of dismissal.

**Captain Sullen**

Plaintiff's sole claim is that he was improperly placed in administrative custody and held there for an excessive period of fifteen (15) days pending the outcome of an internal investigation. He asserts that the Remaining Defendant, Captain Sullen, was the official vested with the authority to order his release from administrative custody but failed to do so in a timely fashion.

The Fourteenth Amendment prohibits the states from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. In order to determine whether a due process violation has occurred, an initial determination must be made that a protected liberty interest exists and, if so, the next step is to define what process is mandated to protect it. See Sandin v. Conner, 515 U.S. 472, 484 (1995). A protected liberty interest may be created by either the Due Process Clause itself or by state law. Id. Due process requirements apply only when the prison officials' actions impose "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484. Conversely, there can be no due process violation where there is no protected liberty interest.

The United States Supreme Court in <u>Sandin</u>, shifted the focus of liberty interest analysis from one "based on the language of a particular regulation" to "the nature of the deprivation" experienced by the prisoner. <u>Id</u>. at 481.  In <u>Sandin</u>, the Supreme Court reasoned, *inter alia*, that "[d]iscipline by prison officials in response to a wide range of misconduct" is expected as part of an inmate's sentence. <u>Id</u>. at 485.  Courts within this circuit, applying <u>Sandin</u> in various actions, have found no merit in due process claims presented regarding short term institutional disciplinary custody placement.  See <u>Torres v. Fauver</u>, 292 F.3d 141, 150-51 (3d Cir. 2002)(placement in segregation as a disciplinary sanction did not implicate a protected liberty interest); <u>Griffin v. Vaughn</u>, 112 F.3d 703, 706-08  (3d Cir. 1997)(no liberty interest in avoiding fifteen (15) month placement in administrative custody because said confinement was not atypical).

Prisoners simply have no due process protected right not to be placed in pre-hearing disciplinary segregation because such placement is not an "atypical and significant hardship in relation to the ordinary incidents of prison life." <u>Sandin</u>, 515 U.S. at 484; <u>Smith v. Mensinger</u>, 293 F.3d 641, 653 (3d Cir. 2002)("confinement in administrative or punitive segregation will rarely be sufficient, without more, to establish the kind of 'atypical' deprivation of prison life necessary to implicate a liberty interest.")

Considering the rules of law set forth in <u>Sandin</u> and the subsequent line of decisions by the Third Circuit Court of Appeals, this Court finds that Plaintiff's action to the extent that it alleges that he was improperly placed in administrative custody pending the outcome of an internal investigation is meritless because the magnitude of

his relatively brief placement in segregation did not implicate a protected liberty interest. Dismissal will also be entered in favor of Captain Sullen.[5]

**Conclusion**

The Franklin County Prison is not a properly named defendant. Second, Plaintiff's claims against Warden Keen based upon either his supervisory capacity or his alleged lack of response to Plaintiff's institutional requests are insufficient for purposes of civil rights liability. Plaintiff's claims relating to his approximately two week administrative custody placement do not rise to the level of a constitutional violation.

Since Calimer's Complaint is "based on an indisputably meritless legal theory," his pending claims will be dismissed, without prejudice, as legally frivolous. Wilson, 878 F.2d at 774. An appropriate Order will enter.

BY THE COURT:

s/Matthew W. Brann
Matthew W. Brann
United States District Judge

---

5. It is also noted that there is no claim that Plaintiff's placement was the result of any retaliatory motive.